COBB, Chief Justice
(concurring in part and concurring in the result).
I concur in the result as to the majority’s determination that the doctrine of collateral estoppel is inapplicable in this case; *1127 as to the remainder of the majority’s opinion, I concur. In my opinion, the express language of the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala.Code 1975 (“the ALSLA”), is dispositive of whether the doctrine of collateral estoppel is available in this case. The ALSLA provides: “In defense of the underlying action, the legal-services provider may assert any and all substantive and procedural defense, restriction, limitation, or immunity which could have the effect of limiting, mitigating, reducing, or avoiding liability or damages.” § 6-5-579(b), Ala.Code 1975.
In this case, the “underlying action,” ie., the legal matter concerning which the legal-service providers are alleged to have been negligent, is the legal transaction of renewing the franchise agreement. See the majority’s opinion, 26 So.3d at 1120 (noting C.O.W.’s reliance on the doctrine of collateral estoppel to satisfy its burden to prove “that, in the absence of the alleged malpractice, the plaintiff would have been entitled to a more favorable result in the legal matter concerning which the attorney is alleged to have been negligent”); see cdso Ala.Code 1975, § 6-5-572(5) (defining “underlying action” as “the legal matter concerning the handling of which it is alleged that the legal-services provider breached the applicable standard of care”); Cunningham v. Langston, Frazer, Sweet, & Freese, P.A., 727 So.2d 800, 803 (Ala.1999) (“[I]f this standard of care [applicable to a legal-services provider] is to be breached, it will be breached in the handling of a ‘case,’ (ie., a legal matter) by a ‘legal-services provider.’ That the ALSLA refers to a lawyer’s handling of legal matters is also made apparent by the definition of ‘underlying action’: ‘The term underlying action refers to the legal matter concerning the handling of which it is alleged that the legal-services provider breached the applicable standard of care.’ ”).
Accordingly I believe the plain language of § 6-5-579 renders unnecessary this Court’s consideration of the judicially created doctrine of collateral estoppel as a bar to the legal-service providers’ ability to relitigate issues or defenses that were previously adjudicated in the course of C.O.W.’s attempt to renew the franchise.